**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

BILLY MACK NICHOLS, JR., PLAINTIFF
ADC #092713

v. 2:26CV00125-BSM-JTK

GARY R. KERSTEIN, et al. DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I. INTRODUCTION**

Billy Mack Nichols, Jr. ("Plaintiff") is incarcerated at the East Arkansas Regional Unit of the Arkansas Division of Correction ("ADC"). He filed this civil rights action pursuant to 42 U.S.C. § 1983 without the help of an attorney. (Doc. Nos. 2, 3). Plaintiff sued multiple individuals and Wellpath (collectively, "Defendants") alleging violations of his federally-protected rights. (Id.).

Although Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), Plaintiff's IFP Motion should be denied because Plaintiff is a "three striker" under the

Prison Litigation Reform Act ("PLRA") and, as set out below, has not established imminent danger.

## II. SCREENING

The Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915(a).[1] Additionally, the PLRA provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

[1] The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

Plaintiff has had at least three complaints dismissed for failure to state a claim.[2] The Court finds that Plaintiff is a "three-striker" within the meaning of the PLRA. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

Plaintiff may, however, be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above. 28 U.S.C. §1915(g). This exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed. Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). In the Eighth Circuit, the exception does not apply unless plaintiff alleges "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

**III. DISCUSSION**

Plaintiff says he has a painful foot condition that requires medical shoes—in addition to the insoles he was provided—to be able to walk. He alleges Defendants were deliberately indifferent to his serious medical needs and retaliated against him. The grievances Plaintiff attached to his Complaint date to July-through-October, 2025. Plaintiff lived with his condition for a year before filing this lawsuit.

Further, documents attached to Plaintiff's Complaint indicate that he: has been issued medical shoes in the past; has access to a wheelchair; and impedes his own treatment by being noncompliant. Even liberally construing Plaintiff's Complaint (Doc. Nos. 2, 3), the Court finds

[2] Nichols v. Harrelson, et al., Case No. 4:99-cv-388-SWW (E.D. Ark.) (dismissed Aug. 23, 1999, for failure to state a claim); Nichols v. Simpson, et al., Case No. 4:99-cv-743-GTE (E.D. Ark.) (dismissed Feb. 1, 2000, for failure to state a claim); Nichols v. Sallings, et al., Case No. 4:99-cv-785-HW (E.D. Ark.) (dismissed Nov. 1, 1999, for failure to state a claim); and Nichols v. Harrelson, et al., Case No. 4:00-cv-106-JM (E.D. Ark.) (dismissed April 13, 2000, for failure to state a claim).

Plaintiff's allegations do not support a finding of "ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin, 319 F.3d at 1050. As such, Plaintiff's Complaint should be dismissed without prejudice pending payment of the $405.00 filing and administrative fee.

The Court notes that Plaintiff made similar allegations in an action that he filed on May 19, 2025. In that case, Nichols v. Rivers, 2:25-cv-00094-BSM (E.D. Ark.), United States District Judge Brian S. Miller found Plaintiff had not established imminent danger and dismissed Plaintiff's claims after Plaintiff failed to pay the filing fee. (Id. at Doc. Nos. 6, 9).

**III. CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint be DISMISSED without prejudice.

2. If Plaintiff wishes to continue this case, he be required to submit the statutory filing and administrative fee of $405.00 to the Clerk, noting the above case style and number, within 15 days of the date of this Order, together with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 14th day of August, 2026.

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE